Myers, J.,
 

 concurring. I concur in the foregoing judgment but am of the opinion that the issue involved in the instant case requires a more extended statement. Even though the Auditor of State only filed a demurrer admitting the material allegations of the petition, there should be no misconception about the decision of this court or its effect. Section 243, General Code, defining the duties of the Auditor of State reads as follows:
 

 “The Auditor of State shall examine each voucher presented to him, or claim for salary of an officer or employe of the state, or per diem and transportation of the commands of the national guard, or sundry claim allowed and appropriated for by the General Assembly, and if he finds it to be a valid claim against the state and legally due, and that there is money in the state treasury duly appropriated to pay it and that all requirements of law have been complied with, he shall issue thereon a warrant on the Treasurer of State for the amount found due, and file and preserve the invoice in his office. He shall draw no warrant on the Treasurer of State for any claim unless he finds it legal, and that there is money in the treasury which has been duly appropriated to pay it. ’ ’
 

 Under the foregoing section the auditor was required to examine the vouchers filed even though a specific appropriation for the purpose had been made by the Legislature. I do not subscribe to any inference that a mere certification by a state official that a certain amount of money is due an individual will foreclose the auditor from making an investigation if he
 
 *527
 
 has ample reason therefor. That is his duty under the statute. It appears from the petition that one of the appointees for whom a voucher was filed was on the payroll of the state in two different capacities. That fact would be sufficient to warrant the auditor to investigate.
 

 However, in the instant case it appears in the petition that the vouchers were filed by the Attorney General on March 11 and April 12, 1937.' The Auditor of State has therefore had time in which to make an investigation if he so desired. Instead of any statement from the auditor as to the result of any investigation he chose to file a demurrer, thereby admitting the facts well pleaded in the petition. Not having filed an answer submitting any facts with reference to anything which he may have discovered, the court does not have anything before it except the petition which contains the certification of the Attorney General— that the services have been performed and that the money is due. In the state of the pleadings, therefore, in this proceeding the court has no alternative except to overrule the demurrer.